**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DAWN R. ROBBINS,**

                      **Plaintiff,**

   vs.                                            **5:14-CV-1534
                                                      (MAD/CFH)**

**CAROLYN W. COLVIN,** *Acting Commissioner of
Social Security*,

                      **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**LEGAL SERVICES OF CENTRAL**          **CHRISTOPHER CADIN, ESQ.**
**NEW YORK - SYRACUSE**
472 South Salina Street
Suite 300
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **DAVID L. BROWN, ESQ.**
**OFFICE OF REGIONAL GENERAL COUNSEL**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On July 18, 2011, Plaintiff protectively filed an application for disability insurance benefits ("DIB") claiming an alleged onset date of March 1, 2009. *See* Administrative Transcript ("T.") at 143-51. Thereafter, Plaintiff protectively filed an application for social security income ("SSI") on August 5, 2011. *See id.* at 143-49. Both applications were denied on October 18, 2011. *See id.* at 77-81. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on December 5, 2012 before ALJ David S. Pang. *See id.* at 31-74, 82-83. In a May 10, 2013 decision, the ALJ held that Plaintiff was not entitled to DIB or SSI. *See id.* at 17-

30. Plaintiff timely requested review with the Appeals Council, which was denied on October 21, 2014, making the ALJ's findings the Commissioner's final decision. *See id.* at 1-4, 12-13.

Plaintiff commenced this action on December 18, 2014, challenging the Commissioner's determination. *See* Dkt. No. 1. In a March 3, 2016 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court deny the Commissioner's motion for judgment on the pleadings, grant Plaintiff's motion for judgment on the pleadings, and remand this action to the Commissioner for further proceedings. *See* Dkt. No. 22. Specifically, Magistrate Judge Hummel found that the ALJ did not fully develop the record and failed to properly apply the treating physician rule. *See id.* at 29-31. Magistrate Judge Hummel found that the ALJ cited heavily to Dr. Boehlert's one-time examination and "seemingly ignored and failed to discuss the robust medical records from Syracuse Orthopedic Specialists which detail plaintiff's two-year treatment for cervical spine and right upper extremity pain." *Id.* at 29 (citing T. 289-300, 315-16, 402-64). Finding that the ALJ's decision was not supported by substantial evidence, Magistrate Judge Hummel recommended that the Court grant Plaintiff's motion and remand this matter. *See id.* at 32. Neither party objected to Magistrate Judge Hummel's March 3, 2016 Report-Recommendation and Order.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge ("ALJ") makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal

2

standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Hummel's Report-Recommendation and Order, the parties' submissions and the applicable law, the Court concludes that Magistrate Judge Hummel correctly determined that the Court should reverse the Commissioner's decision and remand for further proceedings. As Magistrate Judge Hummel correctly found, the ALJ's decision to afford little weight to the opinion of Plaintiff's treating physician was not supported by substantial evidence. Further, Magistrate Judge Hummel correctly determined that the ALJ failed to fully develop the record.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's March 3, 2016 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED**, and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent

with this Order and Magistrate Judge Hummel's Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 22, 2016
      Albany, New York

Mae A. D'Agostino
U.S. District Judge